**George Anthony RUBINO, Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director, Texas Department of Corrections, Respondent–Appellee.**

No. 87–1444.

United States Court of Appeals, Fifth Circuit.

June 30, 1988.

David W. Coody, Emmett Colvin, Bruner, McColl & McColloch, Dallas, Tex., for petitioner-appellant.

C. Rex Hall, Jr., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, KING, and WILLIAMS, Circuit Judges.

PER CURIAM:

George Anthony Rubino sought a writ of habeas corpus in federal court on the grounds that his successive state prosecutions and convictions for aggravated kidnapping and attempted murder violated the double jeopardy and due process clauses of the United States Constitution. In our earlier opinion in this case,[1] we decided that Rubino's successive prosecutions and convictions had not placed him twice in jeopar-

---

1. *Rubino v. Lynaugh*, 845 F.2d 1266 (5th Cir.   1988).

dy.[2] The Texas Court of Criminal Appeals, however, affirmed Rubino's second conviction, for attempted murder, in reliance on *Ex parte McWilliams*,[3] its opinion of May 12, 1982, abandoning the Texas "carving doctrine," a judicially developed rule that had protected some criminal defendants from multiple prosecutions and convictions "carved" out of a single criminal transaction. We decided that *if* this doctrine, which was still in effect at the time Rubino committed his crimes in 1978, would have barred his second prosecution, the Texas court denied Rubino due process and undermined the constitutional prohibition on *ex post facto* laws in applying retroactively the elimination of the doctrine to affirm his second conviction.[4] We therefore decided to certify to the Texas Court of Criminal Appeals the single, dispositive question whether the carving doctrine, treated as if still in effect, would have barred Rubino's second prosecution and conviction.[5]

In response to our direction [6] the parties have proposed a phrasing of the question for certification and prepared a statement of stipulated facts. We now certify the question stated below to the Texas Court of Criminal Appeals.

### CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### TO THE TEXAS COURT OF CRIMINAL APPEALS

### PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 214

TO THE TEXAS COURT OF CRIMINAL APPEALS AND THE HONORABLE JUDGES THEREOF:

### 1. QUESTION CERTIFIED

Based upon the facts recited below, would the Texas carving doctrine, treated as if still in effect, have barred Rubino's prosecution and conviction for attempted murder?

### 2. STIPULATED FACTS, AS STATED BY THE PARTIES

George Rubino was convicted of the aggravated kidnapping of Herbert Weitzman on August 2, 1978. Following that conviction, he was prosecuted and convicted in this case for the attempted murder of the same Herbert Weitzman. The evidence adduced at both George Rubino's trial on aggravated kidnapping and his attempted murder trial, which was exactly the same for plea in bar purposes, showed that the complainant, Herbert Weitzman, was accosted by Rubino, in the parking garage of Weitzman's office building. Rubino pulled a gun and told Weitzman to get into his car. He told Weitzman that if he cooperated he might not get hurt. They then drove toward south Grand Prairie, Texas, on Rubino's instructions. Rubino told Weitzman he was taking him to a grave he had dug. As he was making a turn, Weitzman jumped out of the moving car and began running. After 30 seconds, Weitzman heard a gunshot, and when he looked over his shoulder, he saw Rubino fire at him.

### 3. NAMES OF THE PARTIES

George Anthony Rubino, Petitioner–Appellant, versus James A. Lynaugh, Director, Texas Department of Corrections, Respondent–Appellee.

### 4. NAMES AND ADDRESSES OF COUNSEL

Attorneys for Rubino: Emmett Colvin and David W. Coody, Bruner, McColl & McColloch, The Katy Building, 701 Commerce Street, Suite 302, Dallas, Texas 75202.

Attorneys for the Texas Department of Corrections: Jim Mattox, Attorney General

---

**2.** *Id.* at 1268–70.

**3.** 634 S.W.2d 815, 822–24 (Tex.Crim.App.1982) (en banc).

**4.** *Rubino,* 845 F.2d at 1270–75; *see also* opinion of King, J., concurring, *id.* at 1275–81.

**5.** Tex.R.App.P. 214.

**6.** *Rubino,* 845 F.2d at 1275.

**908**

of Texas; Mary F. Keller, Executive Assistant Attorney General for Litigation; F. Scott McCown, Assistant Attorney General, Chief of Enforcement Division; C. Rex Hall, Jr., Assistant Attorney General; P.O. Box 12548, Capitol Station, Austin, Texas 78711.

We disclaim any intention or desire that the Texas Court of Criminal Appeals confine its reply to the precise form or scope of the question certified.

This court also certifies to the Texas Court of Criminal Appeals that its answer to the certified question will determine whether or not this court vacates Rubino's conviction and sentence for attempted murder.

The record in this case, together with copies of the parties' briefs, is transmitted herewith.

QUESTION CERTIFIED.